**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
6464 W. Sunset Ave., Ste. 960
Los Angeles, CA 90028
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com

**WESTGATE LAW**
Matthew A. Rosenthal (SBN 279334)
15760 Ventura Blvd., Ste. 880
Los Angeles, CA 91436
T: (818) 200-1497
F: (818) 869-2208
Matt@westgatelaw.com

Attorneys for Plaintiff,
Jordan Duncan

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| **JORDAN DUNCAN,** | Case No.: |
| **Plaintiff,** | |
| **vs.** | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL FOR:** |
| **HUNTER WARFIELD, INC.,** | |
| **Defendant(s).** | **1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692]** |
| | **2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]** |

- 1 -

Plaintiff, JORDAN DUNCAN ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiff brings this action for herself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of HUNTER WARFIELD, INC., ("Defendant" or "Hunter Warfield"), in negligently, knowingly, and/or willfully communicating with Plaintiff and failing to provide Plaintiff with meaningful disclosure of Defendant's identity or the nature or purpose of Defendant's calls in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. § 1788 *et seq.* ("RFDCPA").

## JURISDICTION & VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d). The Court has supplemental jurisdiction over Plaintiff's and the putative class' state law claims pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in the United States District Court for the Central District of California because Defendant does business within the state of California and Plaintiff resides in Carson, California and within this judicial district.

## PARTIES

5. Plaintiff, JORDAN DUNCAN ("Plaintiff"), is a natural person residing in Carson, California and is a "consumer" as defined by the FDCPA, *15 U.S.C. §1692a(3)* and is a "debtor," under the RFDCPA*, Cal. Civ. 1788.*2(h).

6. At all relevant times herein, Defendant, HUNTER WARFIELD, INC. ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by *15 U.S.C. §1692a(5)* and the RFDCPA, *Cal. Civ. 1788.2(c).*        Defendant

- 2 -

regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, *15 U.S.C. §1692a(6)* and under the RFDCPA, *Cal. Civ. 1788.2(d) and 1788.2(e).*

## FACTUAL ALLEGATIONS

7.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

8.     Defendant, in its attempt to collect the alleged debt owed by Plaintiff, placed telephone calls to Plaintiff's telephone number ending in 6927.

9.     The debt Defendant is attempting to collect is an allegedly past due account owed to Waypoint Homes.

10.     The alleged debt is a "debt" as defined by the FDCPA as personal medical debts incurred are for personal, family and/or household use/purposes.

11.     Defendant called Plaintiff's telephone number in an attempt to collect the alleged debt and left a voice messages on Plaintiff's telephone.  In all, Defendant has left at least one (1) voicemail on Plaintiff's telephone in connection with the collection of the alleged debt owed.

12.     Each and every voicemail that Defendant left for Plaintiff was exactly the same verbatim and conveyed by an automated or prerecorded voice.  The voice messages left on Plaintiff's telephone, stated as follows:

> This is a message for Jordan Duncan.  This is not a sales or marketing phone call.  To retrieve your message, please call us back Monday through Friday between the hours of 8:00 a.m. and 8:00 p.m. Eastern Standard Time at 813-283-4002.  When calling, please refer to reference number 6220628.[1]

---

[1] Plaintiff is in possession of true and correct copies of Defendant's messages and can provide a copy of said messages via Compact Disc ("CD") to this Honorable Court upon request.

COMPLAINT FOR DAMAGES

13. Defendant's automated or prerecorded voice messages do not inform Plaintiff of Defendant's true and full business name. Defendant's voice messages do not advise Plaintiff of Defendant's business name whatsoever.

14. The voice messages left by Defendant are a scripted message that Defendant either prepared itself or reviewed and approved to have a human being read the scripted message into a recording device to leave this identical message for all class members. It is Defendant's internal policy and procedure to leave this scripted, pre-approved and prerecorded message each and every time one of Defendant leaves a voicemail message on a consumer's telephone relating to the collection of a debt.

15. Defendant's automated or prerecorded voice messages do not alert Plaintiff as to the purpose or reason for the Defendant's telephone calls. Defendant's voice messages do not advise Plaintiff in any fashion as to the reason for Defendant's call whatsoever.

16. Defendant's voice messages do not alert Plaintiff that Defendant is a debt collector.

## CLASS ALLEGATIONS

17. Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All California residents who received any collection telephone calls from Defendant which resulted in Defendant leaving a voice message that is identical or substantially similar to those Plaintiff received from Defendant, which failed to inform said person of Defendant's true and full business name and/or the nature or purpose for Defendant's call, or that Defendant is a debt collector, within the one year prior to the filing of this Complaint

COMPLAINT FOR DAMAGES

18.    Plaintiff represents, and is a member of, The Class, consisting of All California residents who received any collection telephone calls from Defendant which resulted in Defendant leaving a voice message that is identical or substantially similar to those Plaintiff received from Defendant, which resulted in Defendant leaving a voice message which failed to inform said person of Defendant's true and full business name and/or the nature or purpose for Defendant's call, or that Defendant is a debt collector within the one year prior to the filing of this Complaint.

19.    Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the hundreds, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

20.    The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes hundreds of members.  Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

21.    Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class.  These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

a.    Whether Defendant has a policy of communicating with consumers in connection with the collection of an alleged debt wherein Defendant fails to inform said residents of Defendant's true and full business name and/or the nature or purpose for Defendant's calls, or that Defendant is a debt collector;

b.    Whether Defendant has communicated with consumers in

COMPLAINT FOR DAMAGES

connection with the collection of an alleged debt wherein Defendant fails to inform said consumers of Defendant's true and full business name and/or the nature or purpose for Defendant's calls, or that Defendant is a debt collector; and

c. The nature and extent of damages and other remedies to which the conduct of Defendant entitles the Class members.

22. As a person that received collection calls from Defendant wherein Defendant fails to inform her of Defendant's true and full business name and/or the nature or purpose for Defendant's calls, or that Defendant is a debt collector, Plaintiff is asserting claims that are typical of The Class.

23. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

24. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

25. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

26.   Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## COUNT I: VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

(By Plaintiff and the Class Against All Defendants)

27.   Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

28.   Based upon the foregoing, Defendant's conduct violated the FDCPA as follows:

a) Placing telephone calls without providing meaningful disclosure of the caller's identity (§1692d(6));

b) Failing to advise a consumer in all subsequent communications that Defendant is a debt collector (§ 1692e(11)); and

c) Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose (§ 1692e(11));

29.   Plaintiff alleges that to the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

30.   As a direct and proximate result of Defendant's violations of the FDCPA, *15 U.S.C. § 1692 et seq.*, Plaintiff and the members of the Class have suffered injury, and may recover from Defendant one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to *15 U.S.C. § 1692k.*

31.   The violations of the FDCPA, *15 U.S.C. § 1692 et seq.,* described herein present a continuing threat to members of the Class and members of the

general public in that Plaintiff is informed and believes and thereon alleges that Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

## COUNT II: VIOLATIONS OF THE
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

(By Plaintiff and the Class Against All Defendants)

27.     Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

28.     Based upon the foregoing, Defendant's conduct violated the RFDCPA as follows:

> a) Placing telephone calls without providing meaningful disclosure of the caller's identity (§1788.12(b)); and
>
> b) Failing to comply with the provisions of Sections 1692b to 1692j, inclusive, of, Title 15 of the United States Code (§1788.17).

29.     Plaintiff alleges that to the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

30.     As a direct and proximate result of Defendant's violations of the RFDCPA, *Cal. Civ. §1788 et seq.*, Plaintiff and the members of the Class have suffered injury, and may recover from Defendant one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to *Cal. Civ. § 1788.30.*

31.     The violations of the RFDCPA*, Cal. Civ. § 1788.30 et seq.,* described herein present a continuing threat to members of the Class and members of the general public in that Plaintiff is informed and believes and thereon alleges that Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendants, and each of them:

1. That this action be certified as a class action on behalf of The Class, that Plaintiff be appointed as the representative of The Class, and that Plaintiff's counsel be appointed as Class Counsel;

2. For statutory damages of $500,00.00 or 1% of Defendant's net worth, whichever is the lesser, pursuant to *15 U.S.C. § 1692k*;

3. For statutory damages of $500,00.00 or 1% of Defendant's net worth, whichever is the lesser, pursuant to *Cal. Civ. § 1788.30;*

4. For reasonable attorneys' fees and costs of suit; and

5. For such further relief as this Court deems necessary, just, and proper.

RESPECTFULLY SUBMITTED,

Dated: December 17, 2015         **MARTIN & BONTRAGER, APC**

By: /s/ Nicholas J. Bontrager
Nicholas J. Bontrager
*Attorney for Plaintiff*

COMPLAINT FOR DAMAGES